821 A.2d 1135

D.D.B. INTERIOR CONTRACTING INC., PLAINTIFF–APPELLANT,
v. TRENDS URBAN RENEWAL ASSOCIATION, LTD., ITURC
HOLDING CORP., LYNMARK CONSTRUCTION & MANAGE-
MENT CO., INC. AND THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, DEFENDANTS–RESPONDENTS.

Argued March 3, 2003—Decided May 12, 2003.

*Edward S. Kiel,* argued the cause for appellant (*Cole, Schotz, Meisel, Forman & Leonard,* attorneys).

*Spencer N. Miller* argued the cause for respondents (*Miller & Galdieri,* attorneys).

The opinion of the Court was delivered by

ZAZZALI, J.

This appeal implicates *N.J.S.A.* 2A:44A–6, which requires that a lien claim filed on behalf of a corporation be "signed, acknowledged and verified" by a "duly authorized officer." We must determine whether by executing a power of attorney the sole owner and president of a corporation may confer on another the authority to sign, acknowledge, and verify a lien claim as a "duly authorized officer." We hold that on the facts of this case the lien claim at issue is valid under *N.J.S.A.* 2A:44A–6.

I

In 1998 and 1999, plaintiff D.D.B. Interior Contracting, Inc. (DDB) entered into a series of written contracts with defendant Lynmark Construction & Management Co., Inc. (Lynmark), a general contractor, to renovate a building at the Port Authority Technical Center in Jersey City. Defendant Port Authority of New York and New Jersey (Port Authority) leased the premises from defendants Trends Urban Renewal Association (Trends) and ITURC Holding Corporation (ITURC).

According to Edward Albanese, the sole owner and president of DDB, Lynmark requested that DDB perform additional work during the renovation process that was not specified in the parties' written contracts. DDB completed the renovations in 2000 and billed Lynmark $1,646,977, which consisted of $1,476,069 for the

work performed by DDB pursuant to the parties' written contracts, plus $212,518 for the additional work allegedly requested by Lynmark. Lynmark paid only $1,434,459 and contested the amount billed for the additional work. Lynmark informed DDB that a review of its records indicated that it owed only $81,700 for the balance of DDB's work on the renovation project.

In response, Albanese sought to obtain a lien against defendants Lynmark, Port Authority, Trends, and ITURC, for the work, services, materials and equipment provided by DDB during the renovation project. DDB's attorney, Larry Miller, informed Albanese that in the past other corporate clients had executed powers of attorney granting him authority to sign and prosecute lien claims on their behalf and that in one case a court had reviewed that practice and found that it satisfied the lien claim signatory requirement. Relying on that information, Albanese executed a power of attorney and appointed Miller as DDB's "true and lawful attorney-in-fact ... to act for it and in its name with respect to the preparation, filing, recording, releasing and satisfying of liens[.]" Accordingly, Miller, as DDB's "Attorney and Agent," signed and filed a construction lien claim for $212,518 against defendants.

DDB filed a complaint against defendants to enforce its lien. Defendants moved for summary judgment, requesting dismissal of DDB's complaint and forfeiture of its construction lien. Defendants asserted that DDB's lien claim was invalid because DDB willfully overstated the lien amount, filed the lien claim more than ninety days after the completion of its work on the renovation project, and failed to have the lien claim form signed by a duly authorized officer. DDB filed a cross-motion for summary judgment. The trial court granted defendants' motion for summary judgment, discharging and forfeiting the lien claim because a "corporate officer was not ... a signatory to the lien" pursuant to *N.J.S.A.* 2A:44A-6. The trial court dismissed DDB's complaint without prejudice and directed DDB and Lynmark to resolve their

underlying contract dispute pursuant to the arbitration clause in their contracts.

In an unpublished opinion, the Appellate Division affirmed the trial court's decision, reasoning that "the power of attorney cannot cancel out plaintiff's failure to comply with the specific requirements of *N.J.S.A.* 2A:44A–6 . . . ." The panel also declined to apply the doctrine of substantial compliance. *Galik v. Clara Maass Med. Ctr.*, 167 *N.J.* 341, 771 *A.*2d 1141 (2001).

We granted plaintiff's petition for certification. 174 *N.J.* 543, 810 *A.*2d 63 (2002).

## II

The Construction Lien Law, *N.J.S.A.* 2A:44A–1 to –38(CLL), provides that "[a]ny contractor, subcontractor or supplier who provides work, services, material or equipment pursuant to a contract, shall be entitled to a lien for the value of the work or services performed, or materials or equipment furnished in accordance with the contract and based upon the contract price . . . ." *N.J.S.A.* 2A:44A–3. "[W]ith an eye toward promoting contractors' lien rights," the CLL simplifies the lien-filing process, "making it easier for contractors, subcontractors and suppliers to place construction liens on property in the amount of the work, services or material they have provided, and for which they have not been paid." *Thomas Group, Inc. v. Wharton Senior Citizen Hous., Inc.*, 163 *N.J.* 507, 509, 517, 750 *A.*2d 743 (2000).

Section 6 of the CLL provides in part:

> A lien claim shall be signed, acknowledged and verified by oath of the claimant or, *in the case of a partnership or corporation,* a partner or *duly authorized officer thereof,* and filed with the county clerk not later than 90 days following the date the last work, services, material or equipment was provided for which payment is claimed.
>
> [*N.J.S.A.* 2A:44A–6 (emphasis added).]

A lien does not attach or become enforceable "unless the lien claim is filed in the form, manner and within the time provided by [*N.J.S.A.* 2A:44A–6] and [*N.J.S.A.* 2A:44A–8] of [the] act, and a

copy thereof served on the owner and, if any, the contractor and the subcontractor, against whom the claim is asserted ...." *N.J.S.A.* 2A:44A–6.

Defendants contend that DDB's lien is invalid because it was signed and filed by an attorney pursuant to a power of attorney, rather than by a "duly authorized officer" of DDB, as required by *N.J.S.A.* 2A:44A–6. That statute does not define the term "duly authorized officer." DDB argues that by executing a power of attorney Albanese devolved his authority as a corporate officer to Miller as his attorney-in-fact and that Miller's signing of the lien claim therefore is permitted by *N.J.S.A.* 2A:44A–6.

A power of attorney is an "instrument in writing whereby one person, as principal, appoints another as his [or her] agent and confers authority to perform certain specified acts or kinds of acts on behalf of principal." *Black's Law Dictionary* 1171 (6th ed.1990); *see also N.J.S.A.* 46:2B–8.2a (defining power of attorney as "written instrument by which an individual known as the principal authorizes another individual ... known as the attorney-in-fact to perform specified acts on behalf of the principal as the principal's agent"). Albanese executed a power of attorney appointing Miller as DDB's attorney-in-fact "to act for it and in its name with respect to the preparation, filing, recording, releasing and satisfying of liens[.]" Based on Miller's representations, Albanese reasonably believed that he was vesting Miller with his authority as a "duly authorized officer" to sign and file a lien claim on behalf of DDB.

Defendants rely on *Gallo v. Sphere Construction Corp.,* in which the court discharged a claimant's lien in part because the claimant's attorney, rather than the claimant or some other corporate officer, had signed the lien claim form. 293 *N.J.Super.* 558, 566, 681 *A.*2d 1237 (Ch. Div.1996). We distinguish this appeal from *Gallo* because in that case the claimant did not employ a power of attorney and it is unclear whether any conferral of authority was intended. Because the Legislature has not addressed whether a power of attorney may vest an individual with the authority of a "duly authorized officer," and because Albanese reasonably relied

on Miller's representations that the power of attorney was effective under the statute, we find DDB's lien claim valid under *N.J.S.A.* 2A:44A–6.

■ Finding the lien at issue valid does not contravene the purpose of the corporate signatory requirement of *N.J.S.A.* 2A:44A–6. That requirement protects a corporation and its shareholders by restricting to a select few individuals the authority to expose the corporation to potential liability under *N.J.S.A.* 2A:44A–14 and *N.J.S.A.* 2A:44A–15. *See N.J.S.A.* 2A:44A–14b (providing that claimant who forfeits lien "shall be liable for all court costs, and reasonable legal expenses, including attorneys' fees, incurred by the owner, the contractor, or subcontractor, or any combination, in defending or causing the discharge of the lien claim"); *N.J.S.A.* 2A:44A–15a ("[I]f a lien claim is without basis, the claim is not filed in substantially the form or the manner or a time not in accordance with the provisions of this act, the claimant shall forfeit all claimed lien rights ... [and] shall be liable for all court costs, and reasonable legal expenses, including attorneys' fees, incurred by any of the parties adversely affected by the defense to the lien claim."). Here, Albanese is the sole owner and officer of DDB and therefore the only party who stands to be harmed by an improvident extension of corporate liability.

Moreover, the record indicates that Miller's role as signatory on the lien claim form does not prejudice defendants. The CLL ensures that interested parties have adequate notice of the existence of lien claims on certain real property. Miller's execution of the lien claim did not compromise that goal. The claim contains a description of the encumbered property, the amount of the claim, the name of the property owner, and notice to all interested parties. Further, defendants did not rely to their detriment on a misapprehension that Miller was a corporate officer of DDB.

■ In view of the Legislature's failure to define the term "duly authorized officer" and the unique facts of this appeal, we conclude that the lower courts erred in discharging DDB's lien. We hold that Albanese's execution of a power of attorney intending to

confer on Miller the authority to sign and prosecute a construction lien claim on behalf of DDB complied with the signatory requirement of *N.J.S.A.* 2A:44A-6. Nonetheless, we recognize that harm to a corporation or its shareholders or prejudice to interested parties may result when an individual who signs a lien claim form on behalf of a corporation is not an officer of that corporation. Accordingly, in the future when a corporation intends to appoint an attorney to sign, acknowledge and verify a lien claim, that corporation must comply with its certificate of incorporation and bylaws to ensure that the attorney executing those duties is a corporate officer. Execution of a power of attorney will be deemed inadequate to vest an attorney-in-fact with the authority of a "duly authorized officer" pursuant to *N.J.S.A.* 2A:44A-6.

### III

Defendants argue that even if DDB satisfies the signatory requirement of *N.J.S.A.* 2A:44A-6, the lien claim at issue is defective for two reasons. First, the claim calls for an amount that exceeds the contract price contrary to *N.J.S.A.* 2A:44A-9. Second, DDB filed the claim more than ninety days following its completion of the renovation project contrary to *N.J.S.A.* 2A:44A-6. In response, DDB contends that those issues should be resolved pursuant to the arbitration clause in the parties' written contracts. We express no opinion regarding the merits of those issues. Instead, we remand to the trial court to determine whether arbitration or the trial court is the appropriate forum for their consideration on the merits.

The judgment of the Appellate Division affirming the trial court's order for summary judgment in favor of defendants is reversed and the matter is remanded to the Law Division for further proceedings consistent with this opinion.

*For reversing and remanding*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI, and ALBIN—7.

*Opposed*—None.